■ In the Matter of EDWARD R. HIGGINS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—The Grievance Committee for the Tenth Judicial District was authorized to institute a disciplinary proceeding against respondent by order of this court dated June 10, 1983. Respondent has submitted an affidavit dated January 23, 1985, in which he tenders his resignation as an attorney and counselor-at-law. Respondent was admitted to practice by this court on April 6, 1955 under the name of Edward Robert Higgins.

Respondent outlines the charges of professional misconduct pending against him. Respondent was employed as an administrator of an engineering consulting firm (hereinafter referred to as the firm). The "senior partner and owner of the firm" (hereinafter referred to as the owner) entered into a scheme with the Chairman of the Rockland County Board of Supervisors and Sewer Commissioners for the Chairman to exercise his political influence to obtain certain approvals for contractors under the supervision of the firm. It was also agreed that the contractors would inflate their bills and pay "kickbacks" to the owner and the Chairman. From 1968 to 1974 respondent delivered moneys in excess of $200,000 in furtherance of this arrangement.

The owner made another arrangement with a political leader in 1969 to obtain contracts for the firm in Suffolk County in return for payments of 3% of the design fees to said political leader. From 1969 to 1974 respondent delivered moneys in excess of $200,000 from the contractor to the owner for delivery to said political leader in furtherance of this arrangement.

The charges make reference to two additional similar schemes, one in New Jersey and one in Connecticut. Respondent delivered payments totaling at least $9,000 in these situations.

Respondent's affidavit of resignation indicates that his affidavit is freely and voluntarily rendered; that he is not being subjected to coercion or duress; that he is fully aware of the implications of submitting his resignation; and that he could not successfully defend himself on the merits against the charges pending against him.

Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent be disbarred and his name struck from the roll of attorneys and counselors-at-law, effective forthwith. Mollen, P. J., Lazer, Mangano, Gibbons and Kunzeman, JJ., concur.